JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-00810-KK-DTBx** | Date: | May 7, 2026 |

| | |
|---|---|
| Title: | ***Natalie Haddad v. Circle K Stores, Inc. et al.*** |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 14]
and DENYING Defendant's Motion to Compel Arbitration as MOOT
[Dkt. 10]**

**I.
INTRODUCTION**

On November 12, 2025, plaintiff Natalie Haddad ("Plaintiff") filed the operative Class
Action Complaint ("Complaint") against defendant Circle K Stores, Inc. ("Defendant") in Riverside
County Superior Court, asserting various California labor law violations.  ECF Docket No. ("Dkt.")
1, Notice of Removal ("NOR") at 11-55, Ex. A, Complaint ("Compl.").  On February 19, 2026, the
instant action was removed to this Court.  NOR.  On February 26, 2026, Defendant filed the instant
Motion to Compel Arbitration.  Dkt. 10.  On April 10, 2026, Plaintiff filed the instant Motion to
Remand ("Motion").  Dkt. 14, Motion ("Mot.").  The Court finds these matters appropriate for
resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set
forth below, Plaintiff's Motion to Remand is **GRANTED**, and Defendant's Motion to Compel
Arbitration is **DENIED as MOOT**.

**II.
BACKGROUND**

As alleged in the Complaint, between December 13, 2022, and August 11, 2025, Defendant
employed Plaintiff as an hourly non-exempt employee.  Compl. ¶ 4.  During her employment,
Defendant violated California labor law by, among other things, failing to pay her wages for all
hours worked, failing to provide her with required meal and rest breaks, failing to reimburse her for
the use of her personal cellphone for work-related purposes, failing to provide paid sick days, failing

to timely pay her wages, failing to provide her with accurate wage and hour statements, and failing to pay her all unpaid wages after her employment ended.  Id. ¶¶ 12-54.

On November 12, 2025, Plaintiff filed a putative Class Action Complaint against Defendant, raising the following claims:

1. **Cause of Action One:** Failure to Pay Wages for All Hours Worked at Minimum Wage, in violation of California Labor Code sections 1194 and 1197;
2. **Cause of Action Two:** Failure to Pay Overtime Wages for Daily Overtime Worked and/or Failure to Pay Overtime Wages at the Proper Overtime Rate of Pay, in violation of California Labor Code sections 510 and 1194;
3. **Cause of Action Three:** Failure to Authorize or Permit Meal Periods, in violation of California Labor Code sections 512 and 226.7;
4. **Cause of Action Four:** Failure to Authorize or Permit Rest Periods, in violation of California Labor Code section 226.7;
5. **Cause of Action Five:** Failure to Indemnify Employees for Employment-Related Losses/Expenditures, in violation of California Labor Code section 2802;
6. **Cause of Action Six:** Failure to Pay Wages for Accrued Paid Sick Days at the Regular Rate of Pay, in violation of California Labor Code section 246;
7. **Cause of Action Seven:** Failure to Timely Pay Earned Wages During Employment, in violation of California Labor Code section 204;
8. **Cause of Action Eight:** Failure to Provide Complete and Accurate Wage Statements, in violation of California Labor Code section 226;
9. **Cause of Action Nine:** Failure to Timely Pay All Earned Wages and Final Paychecks Due at Time of Separation of Employment, in violation of California Labor Code sections 201, 202, and 203; and
10. **Cause of Action Ten:** Unfair Business Practices, in violation of California Business and Professions Code section 17200, et seq.

Id. ¶¶ 57-177.  With respect to Causes of Action One to Seven, Plaintiff brings these claims on behalf of herself and "[a]ll current and former hourly non-exempt employees employed by Defendant[] as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class." Id. ¶ 55.  With respect to Causes of Action Eight and Nine, Plaintiff brings these claims on behalf of such employees employed at any time from one and three years prior to the filing of the initial Complaint, respectively.  Id.  Plaintiff seeks damages, penalties, injunctive relief, attorney's fees, costs, and interest.  Id. at 39-43.

On February 19, 2026, Defendant filed a Notice of Removal and removed the action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA").  NOR.  Defendant alleges minimal diversity exists between Plaintiff and Defendant, the proposed class includes more than 100 members, and the amount in controversy exceeds $5 million.  Id. at 3-9.  In support of removal, Defendant submits a declaration from Ada Rodriguez ("Rodriguez Declaration"), its Regional Human Resources Director.  Dkt. 1-1, Rodriguez Declaration ("Rodriguez Decl.").

On February 26, 2026, Defendant filed the instant Motion to Compel Arbitration, arguing Plaintiff entered into a valid and enforceable arbitration agreement encompassing her claims.  Dkt.

10 at 2-8.  In support of its Motion, Defendant submits a declaration from Bill Johnson, its Information Technology Director, HR Systems, dkt. 10-2, a declaration from Marie Walker, its Employee Relations Manager, dkt. 10-3, and a declaration from Alexander Randolph, its counsel, dkt. 10-4.

On April 2, 2026, Plaintiff filed an Opposition to Defendant's Motion, contending Defendant fails to establish the existence of an arbitration agreement and that any such agreement is unconscionable.  Dkt. 12 at 8-18.  In support of her Opposition, Plaintiff submits her declaration.  Dkt. 12-1.

On April 9, 2026, Defendant filed a Reply in support of its Motion, dkt. 13, accompanied by a Request for Judicial Notice, dkt. 13-1.[1]

On April 10, 2026, Plaintiff filed the instant Motion to Remand, arguing Defendant fails to sufficiently demonstrate the amount in controversy exceeds $5 million.  Mot. at 10-20.

On April 23, 2026, Defendant filed an Opposition to Plaintiff's Motion.  Dkt. 17, Opposition ("Opp.").

On April 30, 2026, Plaintiff filed a Reply in support of her Motion.  Dkt. 19, Reply.

These matters, thus, stand submitted.

### III.
### LEGAL STANDARD

Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court for the district where such action is pending.  28 U.S.C. § 1441(a).  CAFA vests federal courts with original diversity jurisdiction over class actions where: (1) there are at least 100 class members; (2) any class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000.  Id. § 1332(d)(2), (5)(B).  While "a presumption against federal jurisdiction exists in the usual diversity case, 'no antiremoval presumption attends cases invoking CAFA.'"  Greene v. Harley-Davidson, Inc., 965 F.3d 767, 772 (9th Cir. 2020) (quoting Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014)).

However, if a district court lacks subject matter jurisdiction over a removed action, it must remand the case to state court.  28 U.S.C. § 1447(c).  In moving for remand, a plaintiff can make either a facial or factual challenge to the defendant's jurisdictional allegations.  See Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020).  A facial challenge "accepts the truth of the defendant's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'"  Id. (citation modified) (quoting Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020)).  When the plaintiff raises a facial challenge, courts "accept the [defendant's] factual allegations as true and draw all reasonable inferences in favor of the remover."  DeFiore v. SOC

---

[1] Because the Court denies Defendant's Motion to Compel Arbitration as moot, Defendant's Request for Judicial Notice is likewise **DENIED as MOOT**.

LLC, 85 F.4th 546, 552 (9th Cir. 2023) (citing Leite v. Crane Co., 749 F.3d 1117, 1121-22 (9th Cir. 2014)).

In contrast, a factual challenge "'contests the truth of the [defendant's] allegations' themselves." Harris, 980 F.3d at 699 (citation modified) (quoting Salter, 974 F.3d at 964). To raise a factual challenge, a plaintiff need only "ma[ke] a reasoned argument as to why any assumptions on which [the defendant's allegations] are based are not supported by evidence." Id. at 700. Under these circumstances, "[t]he remover 'bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met.'" DeFiore, 85 F.4th at 553 (quoting Leite, 749 F.3d at 1121).

## IV.
## DEFENDANT FAILS TO SATISFY ITS BURDEN OF ESTABLISHING THE AMOUNT IN CONTROVERSY

### A.    APPLICABLE LAW

"A defendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction." Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022). However, "[w]hen a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Id. (quoting Dart Cherokee Basin Operating Co., 574 U.S. at 88). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).

Because the amount in controversy "is simply an estimate" rather than a "prospective assessment," the defendant "need not present evidence of what its ultimate liability will be." Perez v. Rose Hills Co., 131 F.4th 804, 808 (9th Cir. 2025) (citation modified) (quoting Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010)). Instead, the defendant's calculations may "rely on a chain of reasoning that includes assumptions." Id. (citation modified) (quoting Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019)). Though such assumptions "'cannot be pulled from thin air,' they can be 'founded on the allegations of the complaint' and do not necessarily need to be supported by evidence." Id. (citation modified) (first quoting Ibarra, 775 F.3d at 1199; then quoting Arias, 936 F.3d at 925).

A court must "determine if the defendant's 'reasoning and underlying assumptions are reasonable.'" Id. (quoting Jauregui, 28 F.4th at 993). Whether an assumption is reasonable "depend[s] on which element of the amount-in-controversy calculation is at issue." Id. "[A]n assumption is not unreasonable simply because another equally valid assumption may exist." Id. Only when the defendant's "interpretation of the allegations in the complaint [is] unreasonable" is the defendant required to submit competent evidence. Id. at 809 (emphasis removed). "After considering any evidence put forth by the parties, and assessing the reasonableness of the defendant's assumptions, 'the court then decides where the preponderance lies.'" Harris, 980 F.3d at 701 (quoting Ibarra, 775 F.3d at 1198).

///

## B.    ANALYSIS

Here, Defendant fails to satisfy its burden of establishing the amount in controversy requirement.[2]

To calculate the amount in controversy, Defendant estimates a putative class size of 7,000 class members, based on its allegation in the Notice of Removal that "as of January 4, 2026, [Defendant] employed approximately 7,117 non-exempt employees in California within the class period." NOR at 4. Defendant also assumes an average pay rate across all putative class members of $23.29 per hour, equivalent to Plaintiff's hourly pay rate at the time of her termination.[3] NOR at 6 (alleging Plaintiff's wage rate "is representative of the class rate"); see Rodriguez Decl. ¶ 8. Further, Defendant assumes each putative class member worked an average of 8 hours per day, 5 days per workweek, and 38 total workweeks. NOR at 4-8.

Defendant relies on these figures to estimate its potential liability under each of Plaintiff's claims. With respect to Plaintiff's unpaid wages claim, Defendant assumes each class member was not paid for 10 minutes total per workday, resulting in potential liability of $4,956,122. Id. at 6. With respect to Plaintiff's meal and rest period claims, Defendant assumes three missed meal and rest break periods each per workweek, or a 60 percent violation rate, resulting in potential liability of $7,434,168. Id. at 6-7. With respect to Plaintiff's wage statement claim, Defendant assumes a 20 percent violation rate, resulting in potential liability of $2,590,000. Id. at 7-8. Finally, with respect to Plaintiff's unpaid wages due upon separation of employment claim, Defendant estimates "5,616 putative class members [] were terminated from employment with [Defendant] within the class period" and assumes a 20 percent violation rate, resulting in potential liability of $6,278,238.72. Id. at 8. Therefore, Defendant estimates a total amount in controversy of $21,188,518.72. Id.

Plaintiff disputes Defendant's assumptions regarding the number of putative class members, the average pay rate, and the average number of workweeks worked by each class member. Mot. at 10-11. Specifically, Plaintiff argues these assumptions are unsupported by evidence and rely on an "improper conversion of [Plaintiff's] individual employment circumstances into class-wide facts." Reply at 3; see also Mot. at 10-11. Plaintiff also challenges the reasonableness of Defendant's assumed violation rates and inclusion of all 7,000 putative class members in calculating its potential liability for Plaintiff's wage statement claim. Mot. at 11-20; Reply at 4-8.

As an initial matter, the Court finds Plaintiff raises a factual challenge to Defendant's amount in controversy allegations. In her Motion, Plaintiff does not "accept[] the truth" of Defendant's jurisdictional allegations. Harris, 980 F.3d at 699 (citation modified) (quoting Salter, 974 F.3d at 964). Rather, Plaintiff challenges, among other things, the "rationality, or the factual basis of" Defendant's assumptions that (1) there are 7,000 putative class members, (2) the average pay rate

---

[2] In her Motion to Remand, Plaintiff challenges only Defendant's amount-in-controversy allegations. Mot. at 10-20. Accordingly, the Court only addresses whether Defendant has satisfied its burden with respect to the amount in controversy.

[3] While the Rodriguez Declaration represents the "time of [Plaintiff's] termination" was November 24, 2022, it also states Plaintiff was not employed by Defendant until December 13, 2022, and "separated from employment on or about August 11, 2025." Rodriguez Decl. ¶¶ 6-8. Defendant provides no explanation for this discrepancy.

across putative class members is $23.29 per hour, and (3) each putative class member worked an average of 38 total workweeks.  Salter, 974 F.3d at 964, see Mot. at 10-11; Reply at 3.  Thus, because Plaintiff questions "the reasonableness of [Defendant's] assumptions," Defendant bears the "burden of proving by a preponderance of the evidence that its assumptions [are] reasonable."[4]  Harris, 980 F.3d at 701; cf. Fuentes v. Hous. Auth. of the City of Los Angeles, No. CV 23-03295-SPG-JPRx, 2023 WL 5530027, at *3 (C.D. Cal. Aug. 25, 2023) (finding the plaintiff made a factual challenge where he "question[ed] the reasonableness and truth of [the defendant's] allegations" even though he did not "introduce extrinsic evidence").

"After considering [the] evidence put forth by the parties, and assessing the reasonableness of [Defendant's] assumptions," the Court finds Defendant fails to satisfy its burden of establishing its assumptions are reasonable.  Harris, 980 F.3d at 701.  First, Defendant fails to demonstrate its assumption that there are 7,000 putative class members is reasonable.  Defendant asserts it "made reasonable assumptions based on . . . Plaintiff's Complaint . . . to determine that approximately seven thousand nonexempt employees fall within the putative class."  Opp. at 6.  However, Defendant fails to explain how its assumption of the class size is "founded on the allegations of [Defendant's] [C]omplaint."  Perez, 131 F.4th at 808 (citation modified) (quoting Arias, 936 F.3d at 925).  Additionally, Defendant provides no evidence to support its assumed class size, and the Rodriguez Declaration is notably silent as to the number of non-exempt employees employed by Defendant.  See generally Rodriguez Decl.  While Defendant asserts in its Notice of Removal and Opposition that it employed "approximately 7,117 non-exempt employees in California within the class period," NOR at 4; Opp. at 7, Defendant's "assertions in its briefing are not evidence," Pimentel v. City of Los Angeles, 115 F.4th 1062, 1072 (9th Cir. 2024), cert. denied, 145 S. Ct. 2735 (2025).

Similarly, Defendant fails to demonstrate its assumption of an average pay rate of $23.29 per hour across all putative class members is reasonable.  Defendant asserts it relied on the Rodriguez Declaration to establish this rate.  Opp. at 6.  However, the Rodriguez Declaration merely establishes "[a]t the time of her termination . . . , Plaintiff's hourly rate of pay was $23.29."  Rodriguez Decl. ¶ 8.  Importantly, the Rodriguez Declaration offers no evidence as to the average pay of any other employee, let alone putative class members.  While Defendant contends in its Notice of Removal and Opposition that Plaintiff's pay rate at the end of her employment is "representative of the class rate," Defendant offers no evidence or reasoning to support this assertion.  NOR at 6; see also Opp. at 6.  In addition, nothing in Plaintiff's Complaint gives rise to a reasonable assumption that the average pay rate of all potential class members is the same as Plaintiff's pay rate at the termination of her employment.  Therefore, because Defendant fails to provide any "reasonable ground" for its assumed average pay rate, Defendant's assumption is unreasonable.  Arias, 936 F.3d at 925 (citation modified) (quoting Ibarra, 775 F.3d at 1198).

Finally, Defendant fails to demonstrate its assumption of an average of 38 total workweeks per class member is reasonable.  As with the assumed average pay rate, Defendant asserts it relied on the Rodriguez Declaration to establish the average number of workweeks worked during the

---

[4] The Court notes even if Plaintiff's challenge is construed as a facial challenge, "the Court must probe the reasonableness of the assumptions made in the removing party's notice of removal." Robles v. Roller Bearing Co. of Am., No. SACV 21-00925-CJC-ADSx, 2021 WL 4261517, at *2 (C.D. Cal. Sep. 20, 2021).

applicable class period.  Opp. at 6.  However, the Rodriguez Declaration is, once again, silent as to the average number of workweeks worked by Defendant's employees, let alone putative class members.  Instead, the Rodriguez Declaration merely states Plaintiff "was generally scheduled to work 40 hours per week, with occasional overtime as needed."  Rodriguez Decl. ¶ 7.  To the extent Defendant contends this statement establishes the number of workweeks worked by Plaintiff, it again offers no evidence or reasoning to demonstrate this figure is representative of all class members.

In sum, because Defendant fails to provide any "reasonable ground" for its assumed class size, average pay rate, and average workweeks per class member, Defendant fails to meet its burden of demonstrating its assumptions are reasonable.  Arias, 936 F.3d at 925 (citation modified) (quoting Ibarra, 775 F.3d at 1198).

Defendant's arguments to the contrary are unpersuasive.  Defendant contends it need not provide any additional evidence in support of these assumptions because Plaintiff merely "demands additional documentation while offering no competing evidence."  Opp. at 7.  However, Plaintiff is not required to "introduce evidence outside the pleadings" to challenge the reasonableness of Defendant's assumptions.  Harris, 980 F.3d at 700; see also Ibarra, 775 F.3d at 1199 (holding a plaintiff may contest an assumption without "assert[ing] an alternative [assumption] grounded in real evidence").  As discussed above, Plaintiff sufficiently contests the reasonableness of Defendant's assumptions such that Defendant bears the burden of demonstrating its "reasoning and underlying assumptions are reasonable."  Perez, 131 F.4th at 808 (citation modified) (quoting Jauregui, 28 F.4th at 993).

Defendant also broadly contends "[t]he law does not require [it] to provide any additional evidence."  Opp. at 7.  However, while not all of Defendant's assumptions in support of its amount-in-controversy allegations "necessarily need to be supported by evidence," the reasonableness of those assumptions "depend[s] on which element of the amount-in-controversy calculation is at issue."  Perez, 131 F.4th at 808 (emphasis added).  For instance, Defendant's assumed violation rates need not be independently supported by evidence if "drawn from reasonable interpretations of the [C]omplaint."[5]  Id. at 809.  In contrast, the elements at issue here – the number of putative class members, average pay rate, and average number of workweeks – are not "ascertain[ed] . . . by looking at the [] [C]omplaint," but rather are "most easily determined by examining [Defendant's] employment records."  Id. at 808.  Defendant, thus, can be "expect[ed] . . . to introduce evidence of th[ose] number[s]" in response to Plaintiff's challenge.  Id.; cf. Arias, 936 F.3d at 923 (considering a declaration from a human resources officer stating the number of nonexempt employees during the relevant class period and other employee data, including the average hourly rate of pay and number of workweeks); Thornhill v. McLane Foodservice, Inc., 816 F. Supp. 3d 1006, 1012 (N.D. Cal. 2026) (finding a declaration providing the number of potential class members, average rate of pay, and other information was sufficient to establish such facts).  Defendant's failure to produce such evidence therefore "render[s] [its] assumptions unsupported and unreasonable."  Harris, 980 F.3d at 701.

---

[5] Because the Court finds Defendant's assumptions regarding the putative class size, average pay rate, and average workweeks per class member are unreasonable, the Court need not address Plaintiff's arguments concerning the reasonableness of Defendant's assumed violation rates.

JS-6

Hence, because Defendant relies on unsupported and unreasonable assumptions, Defendant fails to establish, by a preponderance of the evidence, an amount in controversy greater than $5 million.  See Jauregui, 28 F.4th at 996 ("Where a defendant's assumption is unreasonable on its face without comparison to a better alternative, a district court may be justified in simply rejecting that assumption and concluding that the defendant failed to meet its burden.").  Additionally, while Defendant was "afforded the opportunity to place evidence on the record" to support its amount-in-controversy allegations, Harris, 980 F.3d at 702, it failed to sufficiently establish a "reasonable ground," beyond "mere speculation and conjecture," for its assumptions, Ibarra, 775 F.3d at 1197, 1199.  Accordingly, remand is appropriate.

## V.
## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED**.  Further, in light of the Court's ruling on Plaintiff's Motion to Remand, Defendant's Motion to Compel Arbitration is **DENIED as MOOT**.  The Clerk of Court shall close this case and send a certified copy of this Order to the state court.  (JS-6)

**IT IS SO ORDERED.**